UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| ) | Case No. 1:24-cr-417-CKK |
| v. ) | |
| ) | |
| JEANDIEL SERRANO ) | |
|    Defendant ) | |

## MOTION TO REVOKE DETENTION ORDER

Defendant, Jeandiel Serrano ("Mr. Serrano"), by and through undersigned counsel, pursuant to 18 U.S.C. § 3145(b), respectfully moves this Honorable Court to revoke the detention order of United States Magistrate Judge Steve Kim ("Magistrate Judge Kim") for the United States District Court for the Central District of California, release Mr. Serrano, and place him on pre-trial home detention. *See* 2:24-mj-05703-DUTY-1, ECF 11. In support of this Motion, Mr. Serrano states the following:

### BACKGROUND

Mr. Serrano is before this Court charged by indictment with one count of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349, and one count of Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h). On September 19, 2024, Mr. Serrano appeared before the United States District Court for the Central District of California for a Rule 5 and Rule 20 hearing after being arrested in Los Angeles, California. At the time of the hearing, Magistrate Judge Kim asked defense counsel "are we arguing bond today?" *See* Ex. A Hearing Transcript 5:18-19. Defense counsel responded "No." *Id*. at 5:20. Therefore, a hearing was not held and the Court did not consider factors pursuant to 18 U.S.C. § 3142 before ordering Mr.

1

Serrano's pre-trial detention. The Court then informed Mr. Serrano "you'll be ordered detained pending further proceedings." *Id*. at 5:22-23.

Mr. Serrano and his defense counsel at the time believed this to mean that Mr. Serrano would only be held until his arrival in the District of Columbia, not for the entirety of his pretrial proceedings. Mr. Serrano arrived to the District of Columbia and his matter was scheduled for a detention hearing before United States Magistrate Judge G. Michael Harvey on October 10, 2024. However, because Magistrate Judge Kim ordered Mr. Serrano to be "permanently detained" in his detention order and because ultimately the Government represented they would appeal Judge Harvey's detention order to this Court, a detention hearing was not held on October 10, 2024. Therefore, Mr. Serrano comes before this Court and asks that it revoke Magistrate Judge Kim's order detaining Mr. Serrano.

## LAW & ARGUMENT

Under 18 U.S.C. § 3145(b), a court with "original jurisdiction over the offense" may review de *novo* a magistrate judge's detention order. *United States v. Hanson*, 613 F. Supp. 2d 85, 88 (D.D.C. 2009). This Court has the discretion to review transcripts, proceed by proffer, and even call witnesses when reviewing *de novo*. *Id*. See also *United States v. Little*, 235 F. Supp. 3d 272, 277 (D.D.C. 2017).

The Bail Reform Act requires courts to release defendants who are pending trial on personal recognizance or on an unsecured appearance bond unless the government has presented clear and convincing evidence that there are no conditions that will "reasonably assure the appearance of the person as required or . . . the safety of any other person or the community." 18 U.S.C. §§ 3142(b), 3142(f)(2)(B). In other words, "the default position of the law . . . is that a

defendant should be released pending trial." *United States v. Taylor*, 289 F. Supp. 3d 55, 62 (D.D.C. 2018) (quoting *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010)).

The Court must consider the following factors to determine whether detention is appropriate: (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger posed by the defendant's release. *See* 18 U.S.C. § 3142(g). Here, after considering all § 3142(g) factors, there are conditions of release, such as home detention, that will assure Mr. Serrano's appearance in court and protect the safety of the community.

**A. Nature and Circumstances of the Offense and Weight of the Evidence**

While it is important to consider the allegations surrounding the case, it is crucial to note that there are no allegations of threats or extortion of the alleged victim by Mr. Serrano in connection with these charges. Despite the Government's attempt to argue that there is a serious concern for the potential destruction of evidence should Mr. Serrano be released, the Government has failed to produce any evidence to support this claim. *See* ECF 13 at 7, Govt. Memorandum in Support of Detention. The Government points to allegations surrounding Mr. Serrano's girlfriend's actions, yet there is no claim that these actions were done at the direction or request of Mr. Serrano. *Id*. The alleged actions committed by Mr. Serrano's girlfriend and alleged co-conspirators should have no bearing on the question of his release. Additionally, Mr. Serrano demonstrated his willingness to answer questions from law enforcement agents at the time of his arrest. This shows Mr. Serrano's understanding of the seriousness of the charges and his eagerness to address the charges he faces.

**B. Mr. Serrano's History and Characteristics**

Mr. Serrano is a twenty-one (21) year-old United States citizen with absolutely no criminal history. He has completed some college and has goals of returning to university upon his release. Contrary to the Government's assertion, Mr. Serrano does have strong community ties with his mother, grandmother, and his younger minor sibling all living in Bridgeport, Connecticut in his family home. His mother, Daiana Morales, has been interviewed by Pre-trial Services and has been deemed eligible as a third-party custodian. *See* Ex. B Pretrial Services Email Correspondence.

Upon release, Mr. Serrano would live with his mother at the home he grew up in. There are no firearms in the home. At the time of his interview in California, Mr. Serrano had recently been arrested and gave a California address where he had been temporarily living to Pretrial Services. However, his permanent home address is with his mother in Bridgeport, Connecticut.

**C. Mr. Serrano is Not a Danger to the Community**

Mr. Serrano poses no threat to the community's safety. These allegations do not involve a crime of violence. There are no allegations that Mr. Serrano attempted to threaten, extort, or use force against the alleged victim. Furthermore, there are no allegations of any weapons connected to Mr. Serrano. Plainly stated, Mr. Serrano is not a danger to the community.

**D. Mr. Serrano is Not a Flight Risk**

Despite what the Government wishes to be the case, Mr. Serrano is far from a flight risk. Mr. Serrano was arrested at the airport returning to the United States. This international trip was the first of his life. At the time of Mr. Serrano's arrest, law enforcement seized his passport. Mr. Serrano's entire life is here in the United States. With his mother, girlfriend, and other close family all living in the United States, he has no close ties to anyone abroad and no reason to leave. The

Government has failed to provide any evidence of Mr. Serrano's intention or plan to flee the United States to avoid prosecution.

## CONCLUSION

Wherefore, in considering the above-mentioned factors, there are conditions or combinations thereof that can effectively ensure both Jeandiel Serrano's appearance in court and the safety of the community. Mr. Serrano respectfully requests that this Honorable Court revoke Magistrate Judge Kim's pre-trial detention order of Mr. Serrano, release him, and place him on home detention.

Respectfully submitted,

_____/s/_____
Paulette M. Pagán
D.C. Bar No. 1737374
Price Benowitz, LLP
409 Seventh Street, NW, Suite 200
Washington, D.C. 20004
Phone: (202) 731-9882
Fax: (202) 664-1331
paulette@pricebenowitz.com
*Counsel for Jeandiel Serrano*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of October 2024, I caused a true and correct copy of the foregoing Motion to be delivered via electronic mail to all parties in this matter.

_____/s/_____
Paulette M. Pagán