IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Case No. 24-CR-417 (CKK) |
| MALONE LAM, ) | Judge Colleen Kollar-Kotelly |
| ) | |
| Defendant. ) | |
| ) | |

**NOTICE RELATING TO THE MARCH 7, 2025 STATUS CONFERENCE**

Mr. Malone Lam, by and through undersigned counsel, hereby files this Notice relating to the March 7, 2025 Status Conference in an effort to assist the parties and the Court. By way of background and as referenced below, Mr. Lam intends to proceed to trial and will be requesting a trial date as soon as practicable in this case.

On September 14, 2024, a grand jury in this District returned a two-count Indictment against Mr. Lam and his alleged co-conspirator, Mr. Serrano. On September 18, 2024, Mr. Lam was arrested in Miami, and, on September 20, 2024, was ordered to be detained pending trial. On November 1, 2024, following delay in his transport to this District, Mr. Lam had his initial appearance in this case and entered his plea of not guilty.

Mr. Lam has yet not received full discovery in this case. On November 30, 2024, Mr. Lam received the first formal discovery production. Thereafter, the government apparently filed an *ex parte* and under seal application to the Court to delay additional discovery in this case. Mr. Lam is not in a position to evaluate the merits of that application but has significant concerns about this application at this juncture of the case. *See, e.g.*, *United States v. Parker*, 2014 WL 12916902 at *3, Criminal No. 15-59 (ESG) (D.D.C. Nov. 24, 2014) (noting that such proceedings are

1

"extraordinary" but that certain circumstances, including an ongoing investigation may show good cause to delay production of "certain information"); *see also United States v. Sterlingov*, 704 F. Supp. 3d 176, 178 (D.D.C. 2023) (reciting how the government's application must show good cause with specificity, which may be based on "the safety of witnesses and others, a particular danger of perjury or witness intimidation, [and] the protection of information vital to national security") (citation omitted).

Mr. Lam intends to file suppression motions, among other legal attacks, which necessarily require the government to produce promptly meaningful discovery in this case. Whatever justification the government initially proffered on an *ex parte* basis to delay the routine production to Mr. Lam of information already in the government's possession should now be significantly outweighed by the passage of approximately three months, the entry of a Protective Order in this case, Mr. Lam's assertion of his Constitutional rights to trial, and his need to prepare his defense.

Undersigned attempted to confer with counsel with the government about whether it intended to continue to rely on Rule 16(d) to delay further discovery in this case. Counsel for the government did not provide a response but indicated that another batch of discovery would be produced this week. The government did not indicate what information would be in this discovery production, including whether the production would include any of the information that is material to Mr. Lam's defense. *See* Ex. 1 (discovery requests from Mr. Lam to the government).

In light of the foregoing need to evaluate and prepare potential motions to suppress and prepare for trial, Mr. Lam has requested the immediate production of search-warrant affidavits and reports relevant to the searches executed in this case, among other information material to the defense of this case. *Id.* The government has provided *redacted* copies of the search-warrant applications, but the redactions relate to crucial details that are relevant to suppression issues.

To the extent that the forthcoming discovery production does not include information that is plainly material to Mr. Lam's defense, including information required to evaluate and prepare motions to suppress, Mr. Lam will be promptly filing a motion to compel. *See United States v. Safavian*, 233 F.R.D. 12, 16 (D.D.C. 2012) (instructing how the government must provide all "favorable" information to the defense, which includes *Giglio* information); *see also* Local Crim. R. 5.1 (affirming the broad scope of evidence for purposes of complying with *Brady*).

To assist the parties' preparation for trial and have an efficient and meaningful Status Conference, Mr. Lam also intends to respectfully request that the Court set a firm trial date and enter a Scheduling Order.

Respectfully submitted,

/s/ Scott P. Armstrong
Scott Armstrong
McGovern Weems, PLLC
1050 15th Street, Suite 1030, NW
Washington, D.C. 20005
DC Bar No. 993851
Telephone: (202) 978-1267
Email: scott@mcgovernweems.com

/s/ Patrick J. Queenan
Patrick J. Queenan
Sheehan Phinney Bass & Green, P.A.
1000 Elm Street, 17th Floor
Manchester, NH 03101
(admitted *pro hac vice*)
Telephone:  603-627-8335
Email:  pqueenan@sheehan.com

*Counsel for Malone Lam*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice was served on all counsel of record via ECF as of the date of filing, March 6, 2025.

/s/ Scott P. Armstrong
McGovern Weems, PLLC
1050 15th Street, Suite 1030, NW
Washington, D.C. 20005
DC Bar No. 993851
Telephone: (202) 978-1267
Email: scott@mcgovernweems.com