UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 24-CR-417 (CKK)** |
| | : | |
| v. | : | |
| | : | |
| **MALONE LAM,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S PROPOSED SCHEDULING ORDER

Witness safety, and the potential for intimidation, coercion, obstruction, and harassment, justify the government's proposed delay in disclosing *Giglio* information and unredacted copies of two residential search warrants. Contrary to defense assertions, these are simple and straightforward residential search warrants for homes the defendant rented with stolen funds for his associates. The government requests that the deadline for motions to suppress be set for July 15, 2025. The government would provide unredacted copies of these residential search warrants 45 days in advance of the motions deadline. This briefing schedule is three-months in advance of trial and gives Defendant Lam 45 days to craft arguments to suppress evidence recovered during two search warrants.[1] Defendant Lam is currently in possession of all information needed to draft additional suppression motions central to his defense, such as a motion to suppress his post-*Miranda* full videotaped confession to the charged crimes.

---

[1] As of December 20, 2024, Defendant Lam has been in possession of minimally redacted copies of these two search warrants. The redacted warrants can be provided to the court under seal as to avoid their early publication on the public docket.

<u>Witness Safety Justifies the Government's Proposed Schedule</u>

Defendant Lam was traveling with a team of armed security guards in the leadup to his eventual arrest. During this time, Defendant Lam was also in regular contact with a Los Angeles-based defendant who has pleaded guilty to conspiring with law enforcement officers to obtain confidential information and personally identifiable information ("PII") used to track down, harass, and intimidate victims for armed extortions and robberies. (Attachment A). On or about August 28, the family of one of Lam's associates was violently kidnapped by an organized group that traveled from Florida to Connecticut with the goal of holding innocent family members for ransom. (Attachment B). This is all to say that the threat of violence directed at witnesses, as well as varying forms of witness intimidation, coercion, and harassment are very real concerns in this case.

In determining whether to deny, restrict, or defer discovery, courts must take into consideration "the safety of witnesses and others, [and the] danger of [] witness intimidation." Fed.R.Crim.P. 16 advisory committee's notes (1966 Amendments); *see also United States v. Fort,* 472 F.3d 1106, 1131 (9th Cir.2007) (Fletcher, J. dissenting) (noting that "[t]he Rules Advisory Committee specifically designed Rule 16(d)(1) to provide a mechanism to protect witness safety, and to grant considerable discretion to the district court in drafting orders under that rule." (*citing* Fed.R.Crim.P. 16 advisory committee's notes (1974 Amendment))).

On this authority, courts commonly approve of redactions of Rule 16 material or similar means of protecting witness identity. *See Fort*, 472 F.3d at 1106 (approving of "the government's disclosure of redacted copies of local police reports [sought under Rule 16], where the redactions were consistent and supported by an articulated intention to protect witness identities in the context

2

of a case in which the district court has already found a serious risk of harm to witnesses*.");  United States v. Edelin*, 128 F. Supp. 2d 23, 31 (D.D.C. 2001) ("courts have found that withholding the names of potential witnesses until several days before those witnesses testify is not a violation of a criminal defendant's constitutional rights."); *United States v. Higgs,* 713 F.2d 39, 44 (3rd Cir.1983), *cert. denied,* 464 U.S. 1048 (1984) (holding that turning over Giglio material on the day the government witnesses are scheduled to testify satisfies defendants' right to a fair trial); *United States v. Frank*, 11 F. Supp. 2d 322, 325 (S.D.N.Y. 1998) ("Provided that the defendant has sufficient time after receipt of *Giglio* material to use it effectively at trial, there is no violation of the defendant's rights from deferring production of this material until closer to the time of the witnesses' testimony."); *United States v. Bin Laden*, No. 98 Cr. 1023 (LBS), 2001 WL 66314, at *1 (S.D.N.Y. Jan. 26, 2001) (ordering production of Rule 16 material, but subject to redactions to prevent disclosure of identity of government witnesses and, "upon credible showing of danger," of non-witnesses).

District of Columbia courts routinely order disclosure of *Giglio* information closer to trial. The government is not aware of any case, involving significant witness safety concerns, where *Giglio* was ordered produced six months in advance of trial.

In *U.S. v. Daum*, the Honorable Judge Kessler rejected a defense motion to compel *Giglio* information 60 days in advance of trial and instead ordered disclosure of *Giglio* information only 10 days in advance of trial. *U.S. v. Daum*, 847 F.Supp.2d 18, 19 (D.D.C. 2012). The Honorable Judge Friedman similarly rejected a defense request to disclose "the identities and background information of [government] confidential informants and cooperating witnesses" at an early stage in the proceeding due to witness safety concerns. *United States v. Ford*, No. 15-0025 (PLF), 2016

3

WL 482871, at *5 (D.D.C. Feb. 4, 2016). The Honorable Judge Lamberth has similarly ruled that defendants are not entitled to early production of *Giglio* material when witness safety concerns are at issue. *United States v. Edelin*, 128 F. Supp. 2d 23, 32 (D.D.C. 2001). In *Edelin*, Judge Lamberth permitted the government to withhold witness names and impeachment information until three-days before each witness testified. *Id.*

Following significant precedent on the issue, the government's request to delay *Giglio* disclosures until September 2025 is more than reasonable. Indeed, the government offered to compromise with Defendant Lam on these dates and agreed to his proposed due dates for motions *in limine*, Jencks Act, Rule 26.2 material, and witness lists if Defendant agreed on the delayed motions to suppress deadlines and *Giglio* deadlines.

<u>Other Requests</u>

Defendant Lam makes several discovery claims in his motion that lack legal authority. He states that the government has not produced "reports of interview as to any of his alleged co-conspirators" but fails to cite any rule that would compel their disclosure, to the extent these statements do or do not exist. (ECF Doc. 43, p.5). Defendant Lam further states that the government has not provided "reports of interview as to the individuals (apart from the alleged victim) who reported information to the government and whose reporting was a basis of the executed search warrants in this case," but again fails to cite any rule that would compel disclosure of witness statements, to the extent they do or do not exist. *Id.*

Finally, Defendant Lam cites his need to view additional documents before deciding whether to accept or reject a plea offer. Defendant explicitly rejected the government's plea offer in February and chose to proceed to trial. There is no open plea offer in this matter.

For the reasons stated above, the government requests that (1) motions to suppress be due on July 15, (2) that the government turn over unredacted search warrants 45-days in advance of this deadline, and (3) that the government be ordered to produce *Giglio* information on September 22, 2025.

                          Respectfully submitted,

                          EDWARD R. MARTIN, JR.
                          UNITED STATES ATTORNEY
                          D.C. Bar Number 481866

                        By: */s/ Kevin Rosenberg*

                              Kevin Rosenberg
                              Assistant United States Attorney
                              Ohio Bar 0081448
                              United States Attorney's Office
                              601 D. Street NW
                              Washington, D.C.  20530
                              Telephone: 202-809-5351
                              Email: Kevin.Rosenberg@usdoj.gov