UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MALONE LAM,<br><br>Defendant. | Criminal Action No. 24-417-1 (CKK) |

**MEMORANDUM OPINION**
(March 28, 2025)

Defendant Malone Lam is scheduled for trial on October 6, 2025. Min. Order (Mar. 7, 2025). At the last status hearing in this matter, the Court directed the parties to confer and propose a schedule for discovery and briefing in advance of trial. *Id.* The parties conferred but could not reach an agreement on four issues. Both parties then filed competing proposals and offered explanations for those proposals. *See* ECF Nos. 42, 43, 44.

Earlier, the Court issued a [45] Pretrial Scheduling Order adopting the Government's proposal. This brief Memorandum Opinion explains that Order.

**I.**

In his Notice regarding the proposed schedule, Lam asserts that "the parties disagree as to when the government must complete discovery." ECF No. 43 at 1. In truth, there is no disagreement as to the "when": Both parties propose that the Government complete discovery by April 7, 2025—six months before trial. *See* ECF Nos. 42, 43-1. Instead, the parties dispute what it means for the Government to complete discovery. And Lam appears particularly concerned that the Government is "taking an overly restrictive view" of the scope of materials governed by *Brady v. Maryland*, 373 U.S. 83 (1963). ECF No. 43 at 2 n.1.

1

Because the parties agree on the appropriate deadline for the completion of discovery, the Court adopts that deadline. The balance of the parties' discussion of the matter does not concern scheduling but does preview the arguments the parties might make in a discovery motion. The parties also agree on the appropriate deadline for such motions.

To the extent there is any confusion about the scope of materials governed by *Brady*, the Court refers the parties to Local Criminal Rule 5.1 and to the Court's earlier [14] Order confirming the Government's disclosure obligations. Those obligations are ongoing and subject to specific timelines for disclosure set by the Court—such as the drop-dead date for filing a *Brady* Notice, which the parties agree should be September 1, 2025.

## II.

Next, the parties dispute the appropriate deadline for Lam's evidentiary pretrial motions. ECF No. 43 at 3. Lam anticipates filing a motion to suppress and requests a filing date in June. *Id.* at 2–3. The Government proposes a filing date in July. ECF No. 44 at 1. The parties briefly address the propriety of their competing dates. But both are months before trial and would allow ample time for resolution of any suppression issue Lam brings to the Court's attention.

Again, the core of this dispute is not truly the appropriate deadline, but Lam's frustration with the scope of discovery the Government has produced up to this point (more than a week before the parties' agreed deadline for completion of discovery). Lam takes particular issue with the fact that he has only received redacted copies of certain search warrants. ECF No. 43 at 3.

The Government will produce unredacted copies of those warrants 45 days before the July 15 motions deadline, which the Court has adopted. ECF No. 44 at 1. That will provide Lam more than enough time to "evaluate whether he may have valid suppression motions" before his filing deadline. *See* ECF No. 43 at 2; *see also* Fed. R. Crim. P. 16(d)(1).

### III.

Third, the parties dispute the appropriate deadline for production of *Giglio*, Jencks Act, and Rule 26.2 material. ECF No. 43 at 3. Lam proposes a date 30 days before trial. *Id.* The Government proposes a date 14 days before trial. ECF No. 44 at 5. Unlike the previous two issues, this a classic scheduling dispute. And the Court has "great discretion in setting deadlines such as these." *United States v. Daum*, 847 F. Supp. 2d 18, 21 (D.D.C. 2012) (GK).

This Court's practice is to require production of *Giglio*, Jencks Act, and Rule 26.2 material close in time to the start of the trial—even in complex white-collar cases. *See, e.g.*, Amended Pretrial Scheduling Order (ECF No. 39), *United States v. Guanghua*, No. 23-cr-91 (Feb. 20, 2025) (CKK) (one week before trial). In light of the serious concerns for witness safety presented in this matter, the Court sees no reason to depart from that practice here. Accordingly, except as otherwise provided, the Government shall produce this material by September 22, 2025.

### IV.

Finally, the parties dispute the deadline to exchange exhibits. ECF No. 43 at 3. Lam again proposes a date 30 days before trial. *Id.* And the Government again proposes a date two weeks before trial. ECF No. 44 at 5. Again exercising its discretion, the Court determines that the Government's proposal is reasonable and practicable.

**Dated:** March 28, 2025.

                                                COLLEEN KOLLAR-KOTELLY
                                                United States District Judge