**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Case No. 24-cr-417 (CKK) |
| | ) | |
| KUNAL MEHTA, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANT KUNAL MEHTA'S MOTION FOR RECONSIDERATION OF**
**ORDER GRANTING GOVERNMENT'S MOTION FOR STAY OF RELEASE**

Defendant Kunal Mehta, by and through counsel, hereby submits his motion for reconsideration of the Court's order granting the Government's motion to stay his release ("Emergency Motion"). For the reasons stated herein, the Government cannot carry its burden to justify detention based on a risk of flight. As the Court found in its order, the Government is also unlikely to succeed in establishing that Defendant is a danger to public safety. In this non-presumption case, reasonable conditions of bond, including a surety offering a property to secure the bond, and/or home confinement with location monitoring can ensure Defendant's return to court. Further, an order not to contact any co-defendant except through an attorney of record can allay any concern for public safety. As demonstrated in the attached declaration of counsel, Defendant's brother is willing to offer himself as a surety and is willing to secure Defendant's bond with his equity in two homes in Southern California.

The Government devotes roughly two-thirds of its Emergency Motion to detailing the offense conduct, mostly of co-conspirators, and describing in vivid terms the massive amounts of

1

money generated by the alleged fraud scheme and the ostentatious lifestyles it funded for the alleged participants.  (Emergency Motion at 1-14.)  Pictures of exotic cars and private planes, however, cannot relieve the Government of its burden when it demands pretrial detention.  In this case, specifically with respect to Mr. Mehta, the magistrate judge concurred with the recommendation of Pretrial Services, and correctly determined that the government had not met its burden to establish that Mr. Mehta should be detained pending trial.

I.       ARGUMENT

Defendant Kunal Mehta has no criminal history.  He is charged in this matter with a non-violent economic offense. He is a United States citizen who has lived in the country since 2003. He lives with his wife Lynn Hendricks, who he married 3 ½ years ago, in Southern California.  He has full time employment managing Air BnB properties for the last three years and earns $7,000-$8,000 per month, and has owned an IT company since 2006 and earns $100,000-$120,000 yearly. Based on the factual record before the Court, the Government is unlikely to succeed on the merits. Given that his firearms, and cash money have all been seized by the Government, and given the availability of less-restrictive alternatives such as GPS monitoring, a combination of reasonable conditions of bond can ensure Defendant's return to court.

A.       Legal Standard

"[L]iberty is the norm, and detention prior to trial or without trial is the carefully limited exception."  *United States v. Salerno* (1987) 481 U.S. 739, 755.  This presumption of release is encapsulated in the Bail Reform Act, 18 U.S.C. § 3142.  Pursuant to the Act, the Court "shall order" pretrial release, § 3142(b), except in certain narrow circumstances.  Even if the Court determines under § 3142(c) that an unsecured bond is not sufficient, the Court "shall order" release

subject to "the least restrictive further condition[s]" that will "reasonably assure" the defendant's appearance in court and the safety of the community.  § 3142(c)(1) (emphasis added).

"The Bail Reform Act of 1984 authorizes one of those carefully limited exceptions by providing that the court shall order a defendant detained before trial if it finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Munchel*, 991 F.3d 1273, 1279 (D.C. Cir.), judgment entered, 844 F. App'x 373 (D.C. Cir. 2021) (internal quotation marks omitted).  Under this statutory scheme, "it is only a 'limited group of offenders' who should be detained pending trial."  *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (quoting S. Rep. No. 98-225, at 7 (1984), as reprinted in 1984 U.S.C.C.A.N. 3182, 3189); see also *United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992) ("There can be no doubt that this Act clearly favors nondetention.").  As the Government acknowledges, it must satisfy a clear and convincing evidence burden when justifying detention based on public safety.  (Emergency Motion at 17.) While the burden is a preponderance of the evidence for detention based on flight risk, the Government nevertheless continues to bear the burden of demonstrating that "*no* condition or combination of conditions will reasonably assure the appearance of the person as required." *United States v. Vortis*, 785 F.2d 327, 328–29 (D.C. Cir. 1986) (per curiam); 18 U.S.C. § 3142(e)(1).

In addressing the Government's request for a stay of the magistrate judge's release order, the Court "may not resolve a conflict between considered review and effective relief by reflexively holding a final order in abeyance pending review." *Nken v. Holder*, 556 U.S. 418, 427 (2009).  The four factors the Court must consider are:  "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably

3

injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id*. at 434. "The first two factors . . . are the most critical." *Id*.

### B.    The Government Is Unlikely to Succeed on the Merits

As the Court has already found, Mr. Mehta does not present a clear danger to the community (Order at 5).  Therefore, Defendant will focus on the lack of evidence demonstrating his risk of flight.  Defendant does not dispute that the charged offenses are serious.  They are, however, financial crimes.  Beyond the inference that the likely penalties, based largely on the economic loss provisions of the sentencing guidelines, are substantial and therefore create an incentive to flee, there is nothing about the charged offenses themselves which suggest an ability or willingness to flee from prosecution.

The Court in its order found that "the inherently covert nature of the cryptocurrency-based cybercrimes central to the charged scheme negates the ability of Pretrial Services to monitor Doost and Mehta's activities."  (Order at 4.)  But even assuming Defendant could continue online cryptocurrency-related activity without Pretrial Services' knowledge – a proposition Defendant disputes given the availability of reasonable conditions, such as submitting all electronic devices to monitoring by Pretrial Services[1] – it is unclear how that online activity would facilitate Defendant's physical flight from the country.  Moreover, a concern that Defendant might have undiscovered digital assets which would give him resources to attempt to flee is best addressed by additional conditions of bond, such as the identification of a surety who can offer property to secure the bond, electronic location monitoring to enforce home confinement, and surrender of all travel

---

[1] Pretrial Services routinely monitors individuals charged with computer-based crimes.

documents.   The fact that the offenses involve cryptocurrency simply does not on its own demonstrate a flight risk sufficient to justify detaining Defendant.

Defendant concedes for purposes of the bond determination that the Government has proffered significant evidence.   But Defendant strongly disagrees that his history and characteristics weigh "strongly in favor of detention because [he has] the means and opportunity to flee." (Order at 5.)  For the reasons stated above, reasonable conditions of bond can deprive Defendant of both.  The Court also cites Defendant's history of international travel including to non-extradition countries as another factor supporting detention.  (Id.)  However, that ignores that Defendant did not take the opportunity during his past travel, including at times when he was aware of the ongoing investigation, to flee the jurisdiction.

More fundamentally, neither the Government's motion nor the Court's order acknowledge the factors on which Pretrial Services and the magistrate judge relied which provide serious disincentives for Defendant to flee.  Defendant is a United States citizen and a resident of this country for over 20 years.  He lives with his wife of three and a half years, whom he presumably does not intend to abandon, in Southern California.  Pretrial Services correctly assessed that Defendant, having a stable background, employment, no substance use history, and family ties in the district, does not pose a risk of flight that cannot be mitigated by reasonable conditions.  In short, on the merits, Defendant respectfully submits that the Government is unlikely to carry its preponderance burden to establish a significant flight risk.

### C.    Irreparable Injury to the Government

For the same reasons that the Government is unlikely to succeed on the merits as to flight risk, it is unlikely to suffer any injury by the denial of a stay, irreparable or otherwise.  The

Government's submission does not establish that Defendant is likely to immediately flee the United States if released.  This factor therefore weighs against a stay.

### D.        Substantial Injury to Defendant

Defendant concurs with the Court that even a minimal extension of pretrial detention is a serious deprivation of liberty which weighs against granting a stay.  (Order at 6.)

### E.        Public Interest

With the additional information submitted herein, Defendant asks the Court to reconsider its findings that the public's interest in the "orderly and unobstructed resolution of serious criminal cases," outweighs what the Court acknowledges as the public's "strong interest in carefully guarding the limits of pretrial detention."  (Order at 6.)

### F.        Should the Court Decline to Reconsider the Stay Order, *De Novo* Review Should be Expeditious and Conclude that Detention is Inappropriate

As noted above, the Government's legitimate interest in preventing flight can be addressed by multiple less restrictive means than pretrial detention.  The magistrate judge released Defendant on an appearance bond only.  Should the Court ultimately find that insufficient, Defendant urges the Court to order his release on bond conditioned on identifying an appropriate surety, submitting to home confinement with location monitoring, submitting any electronic devices he retains to monitoring by Pretrial Services, and any other reasonable conditions the Court may deem appropriate.  As set forth in the attached declaration of counsel, Defendant has identified a sufficient surety who is willing to secure his bond with equity in two residential properties in Southern California.

Defendant should not suffer indefinite pretrial detention, with its attendant negative impacts on his ability to meaningfully assist in the preparation of his defense, in a prosecution of a United States citizen for a first-time, non-violent offense.

Respectfully submitted,

EISNER GORIN LLP

Dated: May 20, 2025

/S/ Alan Eisner
ALAN EISNER
*Pro Hac Vice* Pending
EISNER GORIN LLP
16000 Ventura Blvd., Suite 1000
Encinco, CA 91436
Tel: (818) 781-1570
alan@egattorneys.com

Attorney for Defendant Kunal Mehta

7

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 20th day of May 2025, the foregoing motion and all attachments were served by electronic filing on all counsel of record through the Court's ECF system.

<u>/s/ Alan Eisner</u>
Alan Eisner