UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   24-cr-417 (CKK) |
| | ) |
| MARLON FERRO | ) |

**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION FOR *DE NOVO* REVIEW OF THE MAGISTRATE'S RELEASE ORDER**

Defendant Marlon Ferro, by and through counsel, hereby submits this motion in response to the government's motion for *de novo* review of the release order issued by United States Magistrate Judge for the Central District of California, Douglas McCormick, on May 13, 2025.

In the release order, Judge McCormick denied the government's request for detention, *see* Exhibit B (Government's Notice of Request for Detention), released Mr. Ferro on a $30,000 appearance bond and fashioned conditions for his release that will reasonably assure Mr. Ferro's appearance on future court dates and provided safety of the community. *See* Exhibit A (Central District of California Release Order and Bond Form).

To date, Mr. Ferro has been in compliance with the release order including driving from Las Vegas, Nevada to Washington, DC to appear in court for his initial appearance before Your Honor, on May 19, 20205, as so ordered. As such, there is no reason to change the release order issued by Judge McCormick, on May 13, 2025

**ARGUMENT**

**THE COURT SHOULD DENY THE GOVERNMENT'S MOTION TO OVERTURN THE MAGISTRATE COURT'S RELEASE ORDER**

Defendant Marlon Ferro has no criminal history. He is charged in this matter with a non-violent economic offense. He will be residing with his mother Yairys Madrigal at 1429 Pacific

1

Terrance Drive, Las Vegas, Nevada. His mother currently resides alone, is not a convicted felon and has no firearms in the home. She is gainfully employed and works Monday, Tuesday, Thursday and Friday from 8 a.m. to 5 p.m. Mr. Ferro's grandmother, Georgina Augila, lives 20 minutes away from his mother's home and does not work. She has expressed her willingness to assist with any supervision requirements, if ordered.  Efforts have been made to transfer his pretrial supervision from California to Nevada. Given that the firearms and the ID mentioned by the government have been seized, Mr. Ferro has turned over his passport to the authorities and given the availability of less-restrictive alternatives such as GPS monitoring and home confinement, a combination of reasonable conditions can be fashioned to ensure Defendant's return to court and the safety of the community. These sentiments are echoed in the pretrial report that was prepared for Judge McCormick whereby Pretrial concluded that they believed "there are conditions or combination of conditions of release that would mitigate the risk of nonappearance . . . [and] there are conditions or combination of conditions that can be imposed reasonably to ensure the safety of the community." *See* Pretrial Service Report Central District of California at 4 - 5[1].

### A. The Applicable Legal Standard

The Bail Reform Act requires courts to release defendants who are pending trial on personal recognizance or on an unsecured appearance bond unless the government has presented clear and convincing evidence that there are no conditions that will "reasonably assure the appearance of the person as required or . . . the safety of any other person or the community." 18 U.S.C. §§ 3142(b), 3142(f)(2)(B). In other words, "the default position of the law . . . is that a

---

[1] Pretrial Service Report can not be placed on the public domain. Undersigned counsel can provide a copy to chambers if chambers does not have a copy.

defendant should be release pending trial." *United States v. Taylor*, 289 F. Supp. 3d 55, 62 (D.D.C. 2018) (quoting *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010)).

If the case involves a felony that is *not* a crime of violence but that involves the alleged possession of a dangerous weapon, upon motion by the government, the Bail Reform Act requires the court to hold a hearing to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance in court and the safety of persons and the community, 18 U.S.C. § 3142(f)(1)(E); 18 U.S.C. § 3142(f)(2)(A). When imposing a condition, or combination of conditions, the court must select the "least restrictive" conditions. 18 U.S.C. § 3142(c)(1)(B).

Defendants who are charged with certain specified offenses are subject to a rebuttable presumption that no condition, or combination of conditions, can ensure the defendant's appearance or ensure the safety of the community, *see* 18 U.S.C. § 3142(e). Even if such a presumption exists, the defense only has to meet a burden of <u>production</u> and the burden of persuasion remains with the government throughout the proceeding. *United States v. Taylor*, 289 F.Supp.3d 55, 63 (D.D.C. 2018) (emphasis added) (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Here, the defense clearly met its burden of production and the government was unable to meet its burden of persuasion.

In determining whether the government has met its burden of persuasion by clear and convincing evidence proving that no combination of conditions can protect a person or the community, or by a preponderance of evidence that no combination of conditions can ensure the defendant's appearance, courts consider four factors: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence; (3) the defendant's character, including his physical and mental condition, family and community ties, past conduct, drug and alcohol abuse, and criminal

history; and (4) the nature and seriousness of the danger posed to any person by release. 18 U.S.C. § 3142(g).

The defendant agrees that this Court has the authority to review the Magistrate Judge's release order pursuant to 18 U.S.C. § 3145(a)(1). The Court interprets the Bail Reform Act and any terms therein *de novo*. *United States v. Hanson*, 613 F. Supp. 2d 85, 88 (D.D.C. 2009). The magistrate court's factual findings, including the findings that the government failed to prove that no combination of conditions can ensure a defendant's appearance in court or the safety of the community, are reviewed for clear error. *United States v. Smith*, 79 F.3d 1208 (D.C. Cir. 1996); *United States v. Simpkins*, 826 F.2d 94, 96 (D.C. Cir. 1987) (court "satisfied that [lower court's] finding that no condition or combination of conditions will assure the safety of the community is supported by clear and convincing evidence and is not clearly erroneous"; "Whether the release of a particular individual will pose a danger to the community is a question of fact to be determined by the judicial officer following the detention hearing . . . ; we will sustain that determination unless clearly erroneous.");[2] *United States v. LaFontaine*, 210 F.3d 125, 130 (2d Cir. 2000) (whether a package of bail conditions will prevent danger to the community is reviewed for clear error).[3] In other words, this Court's "task is to determine" whether the Magistrate Judge clearly

---

[2] In *Simpkins*, the court clearly states that it found the magistrate determination as to risk of flight to not be clearly erroneous and acknowledged that the Bail Reform Act did not provide explicit guidance with respect to the standard of review to be applied to each of the findings – but ultimately decides that it does not need to address that question because under any standard of review it found detention to be appropriate. *Id.* at 96.

[3] In *United States v. Manafort,* 897 F.3d 340, 345 n.2 (D.C. Cir. 2018), the D.C. Circuit observed that:

> [a]lthough we have previously characterized a finding of dangerousness in a detention determination as a finding of fact to be reviewed for clear error, *United States v. Smith*, 79 F.3d 1208, 1209 (D.C. Cir. 1996) (per curiam) (citing *Simpkins*, 826 F.2d at 96), we have never addressed detention based upon a finding that the defendant was unlikely to abide by conditions of release. Other

4

erred when it found that the government failed to present clear and convincing evidence that no combination of conditions of release can protect the safety of a person or the community, and found that the government failed to present a preponderance of evidence that no combination of conditions of release could assure Mr. Ferro's return to court. *Simpkins*, 826 F.2d at 96.

### B. CONCLUSION: THE GOVERNMENT HAS PROVIDED NO EVIDENCE THAT THE MAGISRATE JUDGE'S FINDINGS WERE CLEARLY ERRONEOUS

The Magistrate Judge thoughtfully and correctly applied the Bail Reform Act and concluded that based upon the totality of the circumstances, giving due consideration to all the factors that the Court must consider that there were conditions that he could impose that would reasonably assure the defendant's appearance and the safety of the community. The bail conditions set by the Magistrate Judge are sufficient to mitigate any risk to the community and to secure Mr. Ferro's appearance in court. For all of the reasons stated above, the government has not proved that the Magistrate Judge's factual findings were clearly erroneous. The Magistrate Judge's Order

---

circuits have taken varying approaches to review of detention orders. Some treat the ultimate determinations of dangerousness, risk of flight, or likelihood of abiding by conditions of release as factual findings to which a clear error standard of review applies. See *United States v. English*, 629 F.3d 311, 319 (2d Cir. 2011); *United States v. Clark*, 865 F.2d 1433, 1437 (4th Cir. 1989) (en banc); *United States v. Gotti*, 794 F.2d 773, 779 (2d Cir. 1986). Others have applied what has been described as "independent review" with some deference to the district court. *United States v. O'Brien*, 895 F.2d 810, 814 (1st Cir. 1990); *United States v. Portes*, 786 F.2d 758, 762 (7th Cir. 1985). Still other courts defer to the district-court factual findings, but treat "conclusions based on such factual findings," including the necessity of detention, as mixed questions of fact and law, reviewed de novo. See *United States v. Howard*, 793 F.3d 1113, 1113 (9th Cir. 2015) (citing *United States v. Hir*, 517 F.3d 1081, 1086-87 (9th Cir. 2008) ); *accord United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (reviewing "the ultimate question whether detention is warranted" de novo).

setting forth a combination of conditions of release should be allowed to take effect and the Court should reject the government's request to overturn it.

                                                Respectfully submitted,

                                                MARLON FERRO

                                                *Kevin Wilson*

                                                Kevin E. Wilson, Esq. / 482138
                                                Attorney for the Defendant
                                                2 Wisconsin Circle, Suite 700
                                                Chevy Chase, MD 20815
                                                P: (855) 749-2100
                                                kevin@kevinewilsonlaw.com