UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Case No: 24-cr-417-11 (CKK) |
| | : |
| JOEL CORTES (11), | : |
| | : |
| Defendant. | : |

## DEFENDANT JOEL CORTES' CONSENT MOTION TO AMEND CONDITIONS OF RELEASE

Defendant, Joel Cortes, with the consent of the United States, respectfully requests that the Court, pursuant to 18 U.S.C. § 3145(a)(2), issue an order amending his conditions of release.

### INTRODUCTION

On May 13, 2025, Defendant Joel Cortes was arrested in California on the [50] Superseding Indictment in this case. At a hearing before Magistrate Judge Douglas McCormick of the Central District of California, Mr. Cortes was released on conditions suggested by the Pretrial Services Agency of the Central District of California. Mr. Cortes was ordered to appear in the United States District Court for the District of Columbia on May 19, 2025 for his arraignment. Mr. Cortes appeared as directed, and at his arraignment Pretrial Services for the District of Columbia recommended that this Court adopt the conditions of release imposed by Magistrate Judge McCormick. Counsel for Mr. Cortes advised this Court that Mr. Cortes would be asking certain conditions of his release be amended but that we would first consult with the United States and file a request in writing. Counsel has conferred with Assistant United States Attorney Kevin

Rosenberg, the authorized representative of the United States, and he had given counsel permission to represent that the Government consents to the modifications of Mr. Cortes' conditions of release as outlined below.

Mr. Cortes asks that the condition that "[a]ll digital devices will be subject to monitoring by Supervising Agency," and all language relating to that monitoring be removed from his conditions of release.

Mr. Cortes asks that the condition that "[he] shall be limited to the use of one smart phone, *to be approved by the Supervising Agency*" [emphasis added] be modified to allow him the use of an Apple iPhone. Pretrial Services has allowed only a non-apple smartphone in order that they may monitor the device. Apparently, PTS in California does not have the ability to monitor an Apple iPhone. With the removal of the monitoring condition this restriction would not be at issue. Mr. Cortes wishes to have an iPhone because his personal data, medical data, etc. are stored in the cloud and without an Apple device he is unable to assess it.

Mr. Cortes asks that the condition that "[he] shall be limited to using only one Gmail account," be modified to allow him to have up to three Gmail accounts. Mr. Cortes has two Gmail accounts for his personal communications and prior to his arrest was about to start an e-commerce advertising business and would need a business email account for that business.

## ARGUMENT

While having the consent of the United States is obviously beneficial to any motion made by a defendant, we realize that more may be needed to persuade the Court to modify conditions of release imposed first by a Magistrate Judge and then adopted by this Court. When Magistrate Judge Douglas McCormick imposed the conditions of release on Mr. Cortes, it appears from the release

documents as well as the release order issued by this Court, that both Courts adopted, in toto, the recommendations of Pretrial Services.[1] And, from comments made at Mr. Cortes' arraignment by the pretrial representative in court, "all defendants have the same conditions of release."[2] This writer believes, and government counsel concurs, that PSA in California recommended the same conditions of release, for all defendants that were released, based on the totality of the charges alleged in the Superseding Indictment, without consideration of the individual roles of the defendants. And those roles are diverse.

According to the. Superseding Indictment [50] "[m]embers of the SE enterprise served different roles and held different responsibilities. The roles included database hackers, organizers, target identifiers, callers, money launderers, and residential burglars targeting hardware virtual currency wallets." *Id.* at p. 7, paragraph 25. Defendant Cortes' alleged role was as a money launderer. *Id.* p. 9, paragraph 31. And the overt acts alleged against Cortes are that he assisted "various money launderers with retrieving and delivering bags of fiat cash to members of the SE Enterprise." *Id.* pp. 16-17, paragraph 37 (s).

In short, Mr. Cortes' role, as alleged by the government did not include burglary, targeting of hardware virtual currency wallets, database hacking or targeting victims. And as such, he did not use any electronic device to facilitate the crimes committed by the Enterprise. Therefore Mr. Cortes submits the release conditions relating to monitoring of his electronic devices is not necessary. The government agrees. The Bail Reform Act, 18 U.S.C. § 3142, instructs the Court

---

[1] At the top of page 2 of Mr. Cortes' release conditions is the statement: **"PSA makes the following recommendations:"** [emphasis in original]

[2] When Your Honor was considering the release conditions, all save Mr. Cortes, were in possession of the PSA recommended release conditions. PSA advised that Mr. Cortes' conditions were being processed but that while waiting on his paperwork to arrive, the parties were advised that all defendants had the same conditions of release.

3

that should it determine release on personal recognizance or unsecured appearance bond is not sufficient to assure the appearance of the person and the safety of the community, then "such judicial officer shall order the pretrial release of the person . . . subject to *the least restrictive further condition,* or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community . . ." 18 U.S.C. § 3142 (c)(B) (emphasis added).

Mr. Cortes submits that the remaining conditions of release imposed, and which he does not seek to amend are sufficient to assure his appearance and the safety of the community. Those conditions include surrendering his passport (which he has), abide by travel restrictions, report to PSA as directed, not possess firearms, destructive devices or other weapons, continue to seek employment and not relocate without permission of PSA.

**WHEREFORE** based on the foregoing reasons and any others that may appear to the Court, Mr. Cortes respectfully prays that, pursuant to 18 U.S.C. § 3145(a)(2), the Court grant his consent motion and sign the attached Order amending his conditions of release.

Respectfully submitted,

/s/ G. Allen Dale
G. Allen Dale (D.C. Bar # 954537)
Attorney for Joel Cortes
Law Offices of G. Allen Dale, PLLC
555 13th Street, N.W.
Suite 500 West
Washington, D.C. 20004
Telephone: (202) 638-2900
Facsimile: (202) 628-4177
gallendale@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Consent Motion to Amend Conditions of Release has been served on all parties of record via CM/ECF on this 23rd day of May 2025.

/s/ G. Allen Dale
G. Allen Dale (D.C. Bar # 954537)
Attorney for Joel Cortes
Law Offices of G. Allen Dale, PLLC
555 13th Street, N.W.
Suite 500 West
Washington, D.C. 20001
Telephone: (202) 638-2900
Facsimile: (202) 628-4177
gallendale@aol.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| v. | ) Case No: 24-cr-417-11 (CKK)<br>) |
| JOEL CORTES (11), | )<br>) |
| Defendant. | )<br>) |

### ORDER

This matter comes before the Court upon Defendant's Consent Motion to Amend Conditions of Release. Based upon the pleadings and the entire record in this case, it is by this Court this _____ day of _____, 20___,

ORDERED that the defendant's motion be and the same hereby is GRANTED; and it is

FURTHERED ORDERED that the condition that all digital devices will be subject to monitoring by the Supervising Agency, and all language relating to that monitoring be removed from his conditions of release so that Mr. Cortes be allowed to possess an Apple iPhone;[1] and it is

FURTHER ORDERED that Mr. Cortes is allowed to use as many as three Gmail accounts, but is required to identify those accounts to pre-trial services; and it is

FURTHER ORDERED that all remaining conditions shall remain in effect.

So Ordered.

                                                                                  Colleen Kollar-Kotelly
                                                                                  Senior Judge, United States District Court
                                                                                   for the District of Columbia

---

[1] This order may be modified in the future if the Court learns that the Supervising Agency has means to monitor iPhones.