UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HAMZA DOOST (4),<br><br>Defendant. | Criminal Action No. 24-417-4 (CKK) |

**MEMORANDUM OPINION**
(June 2, 2025)

On May 13, 2025, Defendant Hamza Doost was arrested in California on the [50] Superseding Indictment in this case. At a hearing before Magistrate Judge Douglas McCormick of the Central District of California, the Government moved to detain Doost pending trial. Magistrate Judge McCormick denied the Government's motion and ordered Doost released subject to conditions. But Magistrate Judge McCormick also stayed that order until 7:00 p.m. Eastern Time on May 14, 2025 to allow the Government to appeal his decision to this Court.

On May 14, the Government filed in this Court an [62] Emergency Motion for *De Novo* Review of Magistrate Judge McCormick's Release Order and Request to Stay Release Pending Review. Later that day, applying the four-factor framework articulated in *Nken v. Holder*, 556 U.S. 418 (2009), this Court granted the Government's request for a stay and stayed Magistrate Judge McCormick's release order pending further order of this Court. Mem. Op. & Order, ECF No. 61. After Doost secured counsel in this District, the Court set a briefing schedule on the Government's motion for *de novo* review of Magistrate Judge McCormick's release order. *See* Min. Order (May 16, 2025).

Doost then opposed the Government's motion for review and requested that this Court vacate the stay of Magistrate Judge McCormick's release order. Def.'s Resp., ECF No. 85. The

1

Government filed a reply in support of its motion for review of the release order. Gov't's Reply, ECF No. 95. For the reasons that follow, the Court shall **GRANT** the Government's request for *de novo* review, **DENY WITHOUT PREJUDICE** the Government's request that Doost be detained pending trial, and set forth conditions upon which the stay of Magistrate Judge McCormick's release order can be lifted.

I.

The Bail Reform Act provides that if a defendant is ordered released by a magistrate, "the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order." 18 U.S.C. § 3145(a). The U.S. Court of Appeals for the D.C. Circuit has "not squarely decided" the standard of review for such motions. *United States v. Munchel*, 991 F.3d 1273, 1280 (D.C. Cir. 2021). But every other circuit to address the question has held that a district court's review is *de novo*. *See United States v. Chrestman*, 525 F. Supp. 3d 14, 23 & n.5 (D.D.C. 2021) (BAH) (collecting cases). And this Court has adopted that position. *See United States v. Brown*, No. 23-cr-73-10, 2023 WL 7017750, at *1 (D.D.C. Oct. 25, 2023) (CKK).

On *de novo* review, the question for the Court is whether any "condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). "In common parlance, the relevant inquiry is whether the defendant is a 'flight risk' or a 'danger to the community.'" *United States v. Vasquez-Benitez*, 919 F.3d 546, 550 (D.C. Cir. 2019). That inquiry is guided by the Bail Reform Act's familiar four-factor test, under which the Court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). Although the statute is silent as to the level of proof required to establish risk of flight, the D.C.

2

Circuit has held that such a finding need only be supported by a "preponderance of the evidence." *United States v. Simpkins*, 826 F.2d 94, 96 (D.C. Cir. 1987).

## II.

The Court previously concluded, in the context of evaluating the Government's emergency motion to stay Magistrate Judge McCormick's release order, that the Government was likely to demonstrate by a preponderance of the evidence that Doost presents a flight risk and that no combination of conditions of release could ensure his appearance at further proceedings.[1] Mem. Op. & Order, ECF No. 61, at 4.  However, the Court noted that its determination at that stage was based on the limited record that was then available and that Doost had received "no opportunity to develop the factual record before this Court." *Id.* at 2–3.

In the intervening days since the Court stayed Magistrate Judge McCormick's release order, Doost's counsel has entered an appearance in this Court and filed a response to the Government's motion for review.  The Court has also obtained a copy of the Pretrial Services Report for Doost that was presented to Magistrate Judge McCormick, which provides additional information about Doost's background and activities.  Finally, the Court has received an updated report from the Pretrial Services Agency that reports the findings of interviews with Doost's parents and a home visit to Doost's parents' residence, as well as updating the Court on Doost's enrollment status at San Jose State University.  *See* Pretrial Services Report, ECF No. 127.

Upon consideration of the parties' recent submissions and the Pretrial Services Reports, the Court concludes that the Government has not shown, by a preponderance of the evidence, that Doost presents such a flight risk that no "condition or combination of conditions will reasonably

---

[1] As the Court previously concluded, the Government has not shown that Doost presents a clear danger to the community. *See* Mem. Op. & Order, ECF No. 61, at 5.

assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

The Court has previously described the seriousness of the crimes charged in this case and the weight of the evidence against Doost and his co-defendants. *See, e.g.*, Mem. Op. & Order, ECF No. 61, at 4; Mem. Op., ECF No. 20, at 5. In summary, the Government alleges that Doost participated in a sprawling and sophisticated conspiracy in which his role was to launder stolen cryptocurrency into cash and wire transfers to allow members of the conspiracy to purchase luxury goods, rent lavish homes, and travel on private jets. *See, e.g.*, Gov't's Mot. at 2–6; Superseding Indictment at 16, 18. The Government also alleges that Doost told co-conspirators that he could arrange private air travel for which travelers would not need to provide identification documents. Superseding Indictment at 18. The Government represents that it has seized a significant volume of incriminating evidence related to the alleged conspiracy, including messages between Doost and his co-defendants. Gov't's Mot. at 7–8.

The record regarding the clear seriousness of Doost's alleged crimes and the weight of the evidence against him and his co-defendants is no different now than it was when the Court stayed Magistrate Judge McCormick's release order. *See* Mem. Op. & Order, ECF No. 61, at 4. The Court's discussion here will therefore focus on the remaining two factors: the "history and characteristics of the defendant" and the "nature and seriousness of the danger to any person or the community that would be posed by the defendant's release." 18 U.S.C. § 3142(g).

Doost is a 20-year-old citizen of the United States with no prior criminal history. He is taking online classes at San Jose State University, where he recently completed the spring semester. His parents and four siblings live in California, and he has extended family throughout the United States. His mother and father have each expressed willingness to serve as third-party

4

custodians and have given permission for Doost to reside with them if released. Doost's parents advised the Pretrial Services Agency that there are no firearms in their home. Because Doost's mother does not work outside the home, she would be well situated to supervise Doost's compliance if he were to be released to reside with his family.

With this context in mind, the Court turns to the evidence relevant to the central issue for the pretrial detention inquiry: whether Doost presents a flight risk.

A significant factor weighing against any finding that Doost presents a flight risk is that he voluntarily surrendered to federal agents soon after being notified of the pending warrant for his arrest. *See* Def.'s Resp. at 6–7. As his counsel notes, this fact is "persuasive evidence that Mr. Doost has no intention to flee." *Id.* at 6.

Another factor weighing in Doost's favor is that he voluntarily returned to the United States from the United Arab Emirates—a country that historically has not extradited fugitives to the United States—in March 2025, several months after at least two of his alleged co-conspirators were indicted in this case. *See* Def.'s Resp. at 2. Although Doost's recent travel to a non-extradition country is itself a cause for concern, his decision to return to the United States at a time when he would likely have been aware of the Government's ongoing investigation into the conspiracy charged in this case weighs against a finding that he presents a flight risk.

The most concerning allegation relevant to the pretrial detention analysis is the Government's proffer that Doost "has access to private jets and has marketed himself as someone who can arrange jet travel without identification documents." Gov't's Mot. at 20; Gov't's Reply at 1; *see also* Superseding Indictment, ECF No. 50, at 18. This fact gives rise to a concern that Doost may have the means to flee the United States to a country from which he cannot be extradited, even if he turns over his passport as ordered by Magistrate Judge McCormick.

However, Doost has proposed two additional conditions of release, beyond those imposed by Magistrate Judge McCormick, that can mitigate this concern.

*First*, Doost's parents have offered to post the equity in their home, valued at more than $600,000, as security for Doost's future appearances in this case. Def.'s Resp. at 1–2, 8. The Government alleges that Doost and his co-conspirators have ready access to substantial sums of cash and other assets, arguably muting the coercive force of any appearance bond. *See* Gov't's Mot. at 2–3, 18; Gov't's Reply at 1. However, the present record suggests that the Government may be in a position to seek forfeiture of any assets that Doost may attempt to use to reimburse the potential loss of an appearance bond if he were to fail to appear. Under the circumstances, it appears that the proposed bond would provide a strong deterrent to flight.

*Second*, Doost has also consented to confinement in his parents' home pending trial, with his parents serving as third-party custodians. Def.'s Resp. at 1–2. This condition, if implemented as a program of home incarceration enforced through electronic monitoring, would significantly mitigate the risk that Doost would have an opportunity to flee, regardless of whether he continues to have access to means of traveling internationally without his passport.

Collectively, these conditions and the conditions already imposed by Magistrate Judge McCormick, which involve various means of monitoring Doost's electronic access to various devices and contact with alleged co-conspirators, are sufficient to "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Accordingly, upon *de novo* review of Magistrate Judge McCormick's release order, the Court shall deny the Government's request that Doost be detained pending trial. The Court shall also set forth conditions upon which the stay of Magistrate Judge McCormick's release order can be lifted.

### III.

For the foregoing reasons, the Government's request for *de novo* review shall be **GRANTED**. Upon *de novo* review, the Government's request that Doost be detained pending trial shall be **DENIED WITHOUT PREJUDICE**.

The order of release entered by Magistrate Judge Douglas McCormick shall remain **STAYED** until Doost's conditions of release are modified to add the following conditions and Doost appears before a judicial officer and is sworn into the modified conditions on the record.[2] As modified, Doost's conditions of release shall include the conditions of release originally set by Magistrate Judge McCormick, with the addition of the following conditions:

- Doost shall be subject to Home Incarceration at his parents' residence in Hayward, California, except for court appearances, religious services, medical appointments, and attorney visits;

- Doost shall participate in the Location Monitoring Program and abide by all of the requirements of the program, under the direction of the Supervising Agency, subject to Location Monitoring with an ankle monitor with Global Positioning System (GPS) capability;

- Doost's mother shall serve as a third-party custodian;

- Doost shall post an appearance bond consisting of the equity in his parents' residence in Hayward, California; and

- Doost shall provide regular updates to the Supervising Agency regarding his enrollment status at San Jose State University.

---

[2] The original conditions of release are attached to this Memorandum Opinion and Order as **Appendix A**.

The stay of the order of release shall **LIFT** automatically when the following conditions are satisfied: (1) Doost is sworn into his conditions of release, as modified in accordance with this Memorandum Opinion and Order, and (2) the appearance bond described herein is posted. To that extent, the Defendant's [85] Motion for Reconsideration shall be **GRANTED IN PART** and **DENIED IN PART**.

An appropriate Order accompanies this Memorandum Opinion.

**Dated:** June 2, 2025

/s/ Colleen Kollar-Kotelly
COLLEEN KOLLAR-KOTELLY
United States District Judge