UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) Case No. 24-cr-417 (CKK) |
| vs. | ) |
| | ) |
| | ) |
| KUNAL MEHTA, | ) |
|          Defendant. | ) |
| | ) |
| | )) |
| | ) |

**DEFENDANT KUNAL MEHTA'S MOTION TO REOPEN
DETENTION HEARING BASED ON MATERIAL NEW EVIDENCE**

Defendant Kunal Mehta, by and through counsel, hereby respectfully submits his motion to reopen his detention hearing pursuant to 18 U.S.C. § 3142(f).  Defendant moves to reopen the matter of his detention to clarify several factual issues which weighed heavily in the Court's consideration of flight risk.  Specifically, there is material new evidence addressing the Court's concerns that (1) Defendant would be at home for significant periods of time without a suitable custodian because his brother works outside of the home; (2) if Defendant has access to large amounts of funds (which is purely speculative because the Government has offered no affirmative evidence that is the case), he could simply compensate his brother for any collateral his brother might lose should Defendant violate his bond; and (3) Defendant's wife lacks sufficient ties to the community and could therefore simply relocate with Defendant outside of the U.S. As set forth below, there is material evidence relevant to these concerns that was not before the Court when the Court made its determination.

1

Accordingly, Defendant respectfully requests that the Court re-weigh the Section 3142(g) factors and order Defendant's release on bond.

I. **ARGUMENT**

A. **Legal Standard**

"[T]he determination that a criminal defendant must be detained pursuant to section 3142(g) 'may be reopened' at any time prior to trial if new information surfaces that has a 'material bearing on the issue [of] whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.' 18 U.S.C. § 3142(f). 'New and material information ... consists of something other than a defendant's own evaluation of his character or the strength of the case against him'; instead, it must consist of 'truly changed circumstances, something unexpected, or a significant event.' Moreover, and significantly for present purposes, previously unavailable information has no material bearing on the factors that must be considered to establish the propriety of pretrial detention unless that new information casts different light on any of those factors." *United States v. Lee*, 451 F. Supp. 3d 1, 5 (D.D.C. 2020) (internal citations omitted).

B. **Karan's Fully-Remote Work Arrangement is New and Material Information.**

The Court's first major concern with Defendant's release on bond is the ability of Defendant's brother, Karan Mehta ("Karan" for clarity), to perform the role of a third-party custodian. (Dkt. 137 at 9-10.) As set forth in Karan's declaration, attached hereto as Exhibit A, there appears to have been a misunderstanding between himself and Pretrial Services about his ability to work remotely. Karan is employed by Microsoft Corporation and is able and willing to work from home full time to facilitate his role as a custodian. Accordingly, what appears to be the

Court's primary concern—that Defendant would be in the home for significant periods of time without a suitable custodian—is not the case.

The second issue is the Court's concern that Defendant is still a flight risk because he *might* have access to significant funds and therefore he *might* be in a position to repay Kunal for any forfeited property should Defendant violate his bond.[1] (Dkt. 137 at 9-10.)However, the material evidence that the Court may not have had before it is that the collateral Karan has offered is his family home—the home he and his wife and two children live in. In other words, as Karan explains in his declaration, this is a not a situation where a cash payment would replace the lost collateral.

The Court's detention order focused on Karan's ability to serve as a third-party custodian for Defendant after finding that Defendant's wife is ineligible to serve as a custodian because she is a non-citizen. (Dkt. 137 at 9.) Pretrial Services deferred to the Court regarding Karan's suitability "because Mehta's brother is away from the home working in-office roughly 50% of the time." (Id.) As that factual premise was inaccurate, the newly-offered accurate information that Karan will work from home 100% of the time is material to the Court's weighing of the Section 3142(g) factors.

Defendant respectfully asks the Court to find that Karan is an appropriate custodian, adequately mitigating any flight risk. He will be present in the home with Defendant every day, and has the additional incentive of losing his family's home where his wife and two young boys reside should Defendant flee. As set forth in Karan's declaration, he commits to diligently perform this role.

---

[1] The Court was persuaded by the Government that Defendant will likely retain the ability to access funds if released, diminishing the coercive effect of a bond. (Dkt. 137 at 9-10.) Defendant respectfully notes that the Government has proffered no affirmative evidence to suggest he actually retains any such ability.

      **C.    Ms. Hendrick's Immigration Status Does Not Indicate a Willingness to Flee with Defendant, but in Fact Establishes that She Cannot Leave the U.S. for any Reason Without Facing Extreme and Permanent Negative Consequences.**

Finally, also material to the Court's determination was the concern that Defendant's wife, Lynn Hendricks, is not a U.S. citizen, does not have children, and does not work, and therefore she and the Defendant might simply leave the U.S. together if he is released pending trial. (Dkt. 137 at 10.) However, as Ms. Hendricks explains in her declaration, attached hereto as Exhibit B, Ms. Hendricks is in the midst of obtaining her green card. She is not willing to leave the U.S. for any reason while this process is underway, and doing so would have severe and irreversible consequences. As set forth in her declaration, Ms. Hendricks is committed to obtaining her green card, Social Security card, and employment in the United States. She is very close to her husband's family, with whom she now resides. While she is undergoing this process, her understanding is that leaving the country now would have serious and irreversible consequences.

**II.    CONCLUSION**

Defendant respectfully urges the Court to re-open his detention hearing and re-weigh the Section 3142(g) factors based on material new evidence.

                                        Respectfully submitted,

                                        EISNER GORIN LLP

Dated: June 5, 2025                    */S/ Alan Eisner*
                                        ALAN EISNER
                                        EISNER GORIN LLP
                                        16000 Ventura Blvd., Suite 1000
                                        Encinco, CA 91436
                                        Attorney for Defendant
                                        KUNAL MEHTA