UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  *Plaintiff*,<br>v.<br><br>KUNAL MEHTA, et al.<br><br>  *Defendants*. | Case No. 24-cr-417 (CKK) |

**JOINT MOTION FOR STATUS CONFERENCE
TO DISCUSS DEFENDANT MEHTA'S CUSTODIAL STATUS**

  The parties, through undersigned counsel, respectfully request a status conference with the Court during the week of September 15, 2025, or as soon thereafter as practicable, to discuss Defendant Mehta's custodial status and determine next steps. The parties are requesting a status conference next week to ensure time for Mr. Mehta to be transported to the District and be present. The parties are available on the afternoon of September 15, any time on September 16, or during the morning on September 17. Government counsel joins in this motion insofar as it requests a status conference but takes no position at this time on the legal arguments included in this motion.

  By way of background, on or around June 15, 2025, Mr. Mehta was transferred from custody in California to the D.C. area for purposes of this case. At that time, he was incarcerated at the Northern Neck Regional Jail (NNRJ) in Warsaw, Virginia, 88 miles from the courthouse. Although the trip takes approximately four and half hours round trip by car, undersigned counsel for Mr. Mehta met several times with Mr. Mehta to assist with his defense. However, on September 3, 2025, Mr. Mehta was unexpectedly transferred from NNRJ. Approximately 24 hours later, undersigned counsel for the Government and the Defense learned that Mr. Mehta had

been transferred to the Pike County Detention Center (PCDC) in Pikeville, KY. That facility is 425 miles from the courthouse, and more than a 14-hour round trip by car.[1]

As the Court knows, "[t]he Sixth Amendment guarantees that 'in all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defense.'" *United States v. Decoster*, 624 F.2d 196, 200 (D.C. Cir. 1976), *judgment entered,* 598 F.2d 311 (D.C. Cir. 1979). "The right to have counsel provided is so fundamental that, like the admission in evidence of a coerced confession, or trial before an interested judge, the violation of the constitutional right mandates reversal 'even if no particular prejudice is shown and even if the defendant was clearly guilty.'" *Id*. at 201 (quoting *Chapman v. California*, 386 U.S. 18, 43, 87 S. Ct. 824, 837, 17 L.Ed.2d 705 (1967) (Stewart, J., concurring)).

Regardless of whether it would ever be tenable to have a pre-trial federal defendant incarcerated more than 400 miles away, it clearly is not tenable in this complex multi-defendant case with extensive discovery and charges that carry severe consequences. The parties respectfully request the opportunity to discuss these circumstances with the Court next week or as soon as practicable thereafter.

Dated: September 8, 2025                                       Respectfully submitted,

/s/ Addy R. Schmitt
Addy R. Schmitt (DC Bar No. 489094)
Kropf Moseley Schmitt PLLC
1100 H Street, NW
Suite 1220
Washington, DC 20005
(202) 627-6900
addy@kmlawfirm.com

*Attorney for Kunal Mehta*

---

[1] Despite leaving multiple messages, undersigned counsel for Mr. Mehta has not been able to speak to anyone at PCDC to determine how to even arrange a legal call or visit with Mr. Mehta. Nor does the PCDC appear to have a working website. See Welcome to the Pike County Detention Center ("Website Currently Under Construction").

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of September 2025, the foregoing motion was served by electronic filing on all counsel of record through the Court's ECF system.

/s/ Addy R. Schmitt
Addy R. Schmitt