UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : |
| | : No. 24-CR-417 (CKK) |
| CODY DEMIRTAS, | : |
| Defendant. | : |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

### I.     Summary of the Plea Agreement

As set forth in the attached plea agreement, Defendant Cody Demirtas (hereinafter referred to as "Defendant" or "Demirtas") agrees to accept responsibility and plead guilty to Count One of the Indictment, charging Defendant with RICO Conspiracy, in violation of Title 18, United States Code, Section 1962(d).

### II.     Elements of the Offenses

Count One, RICO Conspiracy

The essential elements of the offense of RICO Conspiracy, in violation of Title 18, United States Code, Section 1962(d), each of which the government must prove beyond a reasonable doubt to sustain a conviction, are:

1. That the defendant knowingly agreed to conduct or participate, directly or indirectly, in the conduct of the affairs of the charged enterprise through a pattern of racketeering activity.
2. That an enterprise would be established as alleged in the indictment.
3. That the enterprise would be engaged in, or its activities would affect, interstate or foreign commerce.

4. That the defendant would be employed by, or associated with, the enterprise.

## II. Statement of Facts

Pursuant to Federal Rule of Criminal Procedure 11, the United States and the Defendant, with the concurrence of Defendant's attorney, stipulate and agree that the following facts are true and accurate. The following statement of facts does not purport to include all of the Defendant's illegal conduct. It also does not purport to be an inclusive recitation of everything that the Defendant heard, knew, or witnessed concerning the illegal activities committed by Defendant and others. It is intended to represent sufficient information for the Court to find a factual basis for accepting the Defendant's guilty plea.

### The Social Engineering Enterprise

The Social Engineering Enterprise ("SE Enterprise") was made up of a group of individuals based in California, Connecticut, New York, Florida, and abroad. The SE Enterprise began on a date unknown but by no later than October of 2023 and continued through at least in or around March 2025. Members and associates of the SE enterprise served different roles and held different responsibilities. The roles included database hackers, organizers, target identifiers, callers, money launderers, and residential burglars targeting hardware virtual currency wallets. Demirtas was a social engineer caller for the SE Enterprise. The purposes of the SE Enterprise included, but were not limited to, stealing virtual currency from victims throughout the United States through fraudulent pretenses; disguising, concealing, and obfuscating the source and ownership of the stolen funds through the use of virtual currency laundering techniques; and converting laundered virtual currency into fiat currency and wire transfers for use at nightclubs, for the purchase of exotic cars, jewelry, luxury handbags, clothing, private jet rentals, and rental

2

mansions in Los Angeles, the Hamptons, and Miami.

Members and associates of the SE Enterprise used stolen virtual currency to purchase, among other things, (1) nightclub services ranging up to $500,000 per evening, (2) luxury handbags valued in the tens of thousands of dollars which were given away at nightclub parties, (3) luxury watches valued between $100,000 up to over $500,000, (4) luxury clothing valued in the tens of thousands of dollars, (5) rental homes in Los Angeles, the Hamptons, and Miami, (6) private jet rentals for travel, (7) a team of private security guards, and (8) a fleet of exotic cars, ranging in value from $100,000 up to $3,800,000.

Demirtas knew Malone Lam ("Lam") from playing online video games and also by following his Instagram and observing his watches and private jet travel. In or around June 2024, Demirtas began speaking more with Lam and Co-Conspirator 1 and he began to participate in social engineering attacks with the SE Enterprise. Co-Conspirator 1 provided Demirtas with a script to read when calling victims. Both Lam and Co-Conspirator 1 are members of the SE Enterprise.

Demirtas began making phone calls for another database organizer with the SE Enterprise who received data from Co-Conspirator 1 to organize and distribute to callers. Demirtas split victim funds with the database organizer and Co-Conspirator 1. During the summer of 2024, Demirtas participated in a successful social engineering fraud scheme where members of the SE Enterprise stole approximately $8,000,000 worth of virtual currency from a victim. Demirtas received approximately $1,100,000 for his role in this wire fraud offense committed by the SE Enterprise.

In or around July 2024, Demirtas moved to Los Angeles and began living with members

of the SE Enterprise. In September 2024 following Lam's theft from Victim-7, Lam purchased automobiles for several members of the SE Enterprise with stolen funds. Lam purchased Demirtas an F8 Ferrari using the proceeds of the Victim-7 fraud.

On September 7, 2024, Demirtas and Yarally targeted a victim for a social engineer scam and were able to access the victim's email account and personal financial documents, including a document titled "Crypto Wealth Tracker." Yarally shared an image with Co-Conspirator 1 showing Yarally and Demirtas accessing the victim's email account and financial documents. Yarally asked for Co-Conspirator 1's assistance in bypassing the Gmail security features so that he and Demirtas could continue with the attempted theft. In this same conversation, in September 2025, Yarally informed Co-Conspirator 1 that Demirtas and others were working with him as callers for the SE Enterprise.

Following Lam's September 19, 2024, arrest Demirtas and Yarally traveled from Miami back to New York on a private jet arranged by Hamza Doost ("Doost"). By the end of 2024, Demirtas had traveled overseas with SE Enterprise members Doost, Yarally, and others to Thailand and the United Arab Emirates ("UAE"). Instead of returning to the United States, Demirtas remained in the UAE and continued to attempt social engineering scams with additional members of the SE Enterprise. Around this time, Co-Conspirator 1 shared victim databases with Demirtas and others to use in social engineering schemes.

As a member of the SE Enterprise, Demirtas agreed that members of the SE Enterprise would commit at least two racketeering acts as defined by Title 18, United States Code, Section 1961. Demirtas agrees that, based on his involvement and knowledge of the SE Enterprise, it was reasonably foreseeable to him that at least $3,500,000 would be stolen through wire fraud in

4

furtherance of the conspiracy.

Respectfully Submitted

JEANINE PIRRO
United States Attorney

By: _____
Kevin Rosenberg
Assistant United States Attorney

5

## DEFENDANT'S ACKNOWLEDGMENT

I have read the Statement of Offense setting forth the facts related to my guilty plea. I have discussed this proffer fully with my attorneys, Joseph A. King, Esq. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 10/14/25

Cody Demirtas

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the Government's proffer of evidence related to my client's guilty plea. I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 10/14/25

Joseph A. King
Counsel for Defendant

6