UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : No. 24-CR-417 (CKK) |
| | : |
| TUCKER DESMOND, | : |
| | : |
| Defendant. | : |

**STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA**

**I.   Summary of the Plea Agreement**

As set forth in the attached plea agreement, Defendant John Tucker Desmond (hereinafter referred to as "Defendant" or "Desmond") agrees to accept responsibility and plead guilty to Count ~~One~~ Four of the ~~attached Information~~ Indictment KER/JF CKK, charging Defendant with Obstruction of Justice, in violation of Title 18, United States Code, Section 1512(c)(1).

**II.   Elements of the Offenses**

The essential elements of the offense of the offense of Obstruction of Justice, in violation of Title 18, United States Code, Section 1512(c)(1), each of which the government must prove beyond a reasonable doubt to sustain a conviction, are:

1. The defendant altered, destroyed, mutilated, or concealed a record, document, or other object, or attempted to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; and

2. The defendant acted corruptly.

**III.   Statement of Facts**

Pursuant to Federal Rule of Criminal Procedure 11, the United States and the Defendant,

with the concurrence of Defendant's attorney, stipulate and agree that the following facts are true and accurate and that the government would prove these facts beyond a reasonable doubt at trial. These facts do not constitute all facts known to the parties concerning the charged offenses and covered conduct. This statement is being submitted by the parties to demonstrate that sufficient facts exist to establish that Defendant committed the offenses to which he is pleading guilty.

## The Social Engineering Enterprise

The Social Engineering Enterprise ("SE Enterprise") was made up of a group of individuals based in California, Connecticut, New York, Florida, and abroad. The SE Enterprise began on a date unknown but by no later than October of 2023 and continued through at least in or around March 2025. Members and associates of the SE enterprise served different roles and held different responsibilities. The roles included database hackers, organizers, target identifiers, callers, money launderers, and residential burglars targeting hardware virtual currency wallets. The purposes of the SE Enterprise included, but were not limited to, stealing virtual currency from victims throughout the United States through fraudulent pretenses; disguising, concealing, and obfuscating the source and ownership of the stolen funds through the use of virtual currency laundering techniques; and converting laundered virtual currency into fiat currency and wire transfers for use at nightclubs, for the purchase of exotic cars, jewelry, luxury handbags, clothing, private jet rentals, and rental mansions in Los Angeles, the Hamptons, and Miami.

Members and associates of the SE Enterprise used stolen virtual currency to purchase, among other things, (1) nightclub services ranging up to $500,000 per evening, (2) luxury handbags valued in the tens of thousands of dollars which were given away at nightclub parties, (3) luxury watches valued between $100,000 up to over $500,000, (4) luxury clothing valued in

the tens of thousands of dollars, (5) rental homes in Los Angeles, the Hamptons, and Miami, (6) private jet rentals for travel, (7) a team of private security guards, and (8) a fleet of exotic cars, ranging in value from $100,000 up to $3,800,000.

In or around early 2024, Desmond met the members of the SE Enterprise. Desmond was introduced to the SE Enterprise through Money Exchanger-1, a money launderer for the SE Enterprise. Desmond assisted Money Exchanger-1 by retrieving bulk fiat cash for Money Exchanger-1 and delivering it to members of the SE Enterprise as part of Money Exchanger-1's crypto-to-cash money laundering services.

Over time, Desmond learned how members of the SE Enterprise were earning money, which was by stealing cryptocurrency by way of social engineering schemes. On or about September 18, 2024, two members of the SE Enterprise were arrested in *United States v. Malone Lam*, 24-cr-417 (CKK). Jeandiel Serrano was arrested at Los Angeles International Airport and Malone Lam ("Lam") was arrested in Miami. The arrests and multiple Miami search warrants made national news and were widely reported. Desmond had previously traveled with member of the SE Enterprise to Miami on a private jet but returned to the Los Angeles area shortly before Lam's arrest.

Soon after Lam' arrest, another member of the SE Enterprise asked Desmond to travel to Lam's Los Angeles rental homes and retrieve electronic devices belonging to Lam and Marlon Ferro ("Ferro"). Desmond agreed and traveled to the rental homes owned by Lam, collected one cell phone and two computers belonging to Lam and Ferro, knowing that they contained incriminating evidence and knowing that the FBI was investigating Lam and others. Desmond then destroyed the devices to impair their integrity or availability for use in an official proceeding, that

being *US v. Lam*, 24-CR-417 and to prevent the FBI was recovering the devices as part of their investigation.

Respectfully Submitted

JEANINE PIRRO
United States Attorney

By: _____
Kevin Rosenberg
Assistant United States Attorney

**DEFENDANT'S ACKNOWLEDGMENT**

I have read the Statement of Offense setting forth the facts related to my guilty plea. I have discussed this proffer fully with my attorney, Joseph T. Flood, Esq. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 10/15/25

_____
John Tucker Desmond

**ATTORNEY'S ACKNOWLEDGMENT**

I have read each of the pages constituting the Government's proffer of evidence related to my client's guilty plea. I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 10/15/25

_____
Joseph T. Flood, Esq.
Counsel for Defendant