**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO.: 24-CR-417 (CKK)-10** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **EVAN TANGEMAN,** | ) | |
| | ) | |
| Defendant. | ) | |

## <u>CONSENT ORDER OF FORFEITURE</u>

*WHEREAS*, a written plea agreement was filed with this Court and signed by the defendant, EVAN TANGEMAN, and his counsel, Dwight Crawley, Esquire, in which the defendant agreed to plead guilty to Count One of the Indictment, charging in Count One, Conspiracy to Participate in a Racketeer Influenced and Corrupt Organization, in violation of Title 18, United States Code, Sections 1962(d), and the defendant has pled guilty to those offenses;

*WHEREAS*, the Indictment alleged the forfeiture of: (a) any property, real or personal, which constitutes or is derived from proceeds traceable to the offense charged in Count One of the Indictment, pursuant to Title 18, United States Code, Section 1963; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the defendant established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962; and (c) any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of 1962;

*WHEREAS*, the Indictment further alleged that the United States will seek a forfeiture money judgment against the defendant. Such a money judgment should be equal to the value of any property, real or personal, which constitutes or is derived from proceeds obtained, directly or

1

indirectly by the defendant and from the offense charged in Count One of the Indictment and in favor of the United States;

*WHEREAS*, in his plea agreement, the defendant agreed to the forfeiture of: (a) all proceeds traceable to profits and commission fees earned from engaging in cryptocurrency transactions in funds generated through unlawful activity. These transactions include crypto-to-cash conversions and crypto-to-physical goods conversions; and (b) all items and automobiles seized from your his home on May 13, 2025.

*WHEREAS*, the defendant agrees that the specific property to be forfeited includes, but is not limited to the following property:

1. One Patek Phillipe Watch (39710W)
2. Necklace with clear gems
3. $11,000.00 in U.S. currency
4. Black Louboutin Heels
5. Black Louboutin Sandals with Metal Studs
6. White Louboutin Heels
7. Pink Patent Leather Louboutin Heels
8. Silver and Clear Femme Heels
9. Black Louboutin Heeled Boots
10. Black Rubber Chanel Rain Boots
11. Brown Hermes Sandals
12. White Hermes Sandals
13. Black Hermes Sandals
14. White Hermes Sandals with Velcro Straps
15. Brown Hermes Slides with Sheepskin
16. Black Hermes Slides with Sheepskin
17. Black Louis Vuitton Case
18. Pink Hermes Slides
19. Black Chanel Purse with Gold Chain
20. Green Rene Caovilla Sandals
21. Gray Louis Vuitton Backpack
22. Black Chanel Boots
23. One White and Black 2024 Porsche 911 GT3 RS, VIN: WP0AF2A96RS272078
24. One Black 2022 Rolls Royce Ghost, Montana License Plate Number ESJ542, VIN: SCATV0C05NU211485

*WHEREAS*, the Statement of Offense sets forth and defendant agrees that he received directly, or indirectly, $676,880 worth of proceeds relating to Count One of the Indictment;

*WHEREAS*, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, this Court determines, based upon the evidence and information before it, including the defendant's plea agreement, that any property, constituting, or derived from any proceeds which the defendant obtained directly, or indirectly from the violation alleged in Count One of the Indictment to which the defendant is pleading guilty, is subject to forfeiture; including the specific property listed above.

*WHEREAS*, pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, this Court determines, based upon the evidence and information before it, including the defendant's plea agreement, that entry of a forfeiture money judgment against the defendant and in favor of the United States in the amount of $676,880 is appropriate, insofar as this property is subject to forfeiture pursuant to Title 18, United States Code, Section 1963;

*WHEREAS*, Title 21, United States Code, Section 853(p) authorizes the forfeiture of substitute property;

*WHEREAS*, the defendant has admitted that the proceeds he personally obtained have been dissipated by him and cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; and/or have been placed beyond the jurisdiction of the Court;

*WHEREAS*, upon entry of a forfeiture order, Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure authorizes the Attorney General or a designee to conduct any discovery the Court considers proper in identifying, locating, or disposing of property subject to forfeiture;

3

*NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED*:

1.      That the following property is declared forfeited to the United States, pursuant to Title 18, United States Code, Section 1963, any property, constituting or derived from, any proceeds the defendant obtained directly or indirectly from the offense alleged in Count One of the Indictment to which the defendant has pled guilty, including the following specific property:

1.   One Patek Phillipe Watch (39710W)
2.   Necklace with clear gems
3.   $11,000.00 in U.S. currency
4.   Black Louboutin Heels
5.   Black Louboutin Sandals with Metal Studs
6.   White Louboutin Heels
7.   Pink Patent Leather Louboutin Heels
8.   Silver and Clear Femme Heels
9.   Black Louboutin Heeled Boots
10. Black Rubber Chanel Rain Boots
11. Brown Hermes Sandals
12. White Hermes Sandals
13. Black Hermes Sandals
14. White Hermes Sandals with Velcro Straps
15. Brown Hermes Slides with Sheepskin
16. Black Hermes Slides with Sheepskin
17. Black Louis Vuitton Case
18. Pink Hermes Slides
19. Black Chanel Purse with Gold Chain
20. Green Rene Caovilla Sandals
21. Gray Louis Vuitton Backpack
22. Black Chanel Boots
23. One White and Black 2024 Porsche 911 GT3 RS, VIN: WP0AF2A96RS272078
24. One Black 2022Rolls Royce Ghost, Montana License Plate Number ESJ542, VIN: SCATV0C05NU211485

2.      A forfeiture money judgment in the amount of $676,880 is entered against the defendant and in favor of the United States.

3.      The Court finds that the proceeds that the defendant personally obtained as a result

4

of the offense to which he has pled guilty have been dissipated by him and cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; and/or have been placed beyond the jurisdiction of the Court.

4.    The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

5.    That pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and the defendant's consent, this Order of Forfeiture is now final as to the defendant and shall be made part of the sentence and included in the judgment.

6.    The Attorney General or a designee, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, is authorized to conduct any discovery to identify, locate, or dispose of property subject to this Order.

7.    The Clerk of the Court shall forward a certified copy of this Order to USADC.AFMLS2@usdoj.gov.

Dated this _____24th_____ day of _____April_____, 2026.

_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE

5

WE ASK FOR THIS:

JEANINE FERRIS PIRRO
United States Attorney

By:

WILL HART, DC Bar No. 1029325
Assistant United States Attorney
Fraud, Public Corruption and Civil Rights Section
601 D Street, N.W.
Washington, D.C. 20530
202-252-7877


EVAN TANGEMAN
Defendant

DWIGHT CRAWLEY, Esquire
Counsel for Defendant

6